UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEANNIE THOMAS,<br>Plaintiff,<br><br>v.<br><br>DICKSON PARTNERS, L.P. et al.,<br>Defendants. | Case No. 3:25-cv-01282<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

Plaintiff Jeannie Thomas has filed a complaint accusing defendants Dickson Partners, L.P. (Dickson), Park Development Group, LLC (Park), and Capstone Building Corporation (Capstone) of violating the Fair Housing Act (FHA), 42 U.S.C. §§ 3601–3619, by designing and building an apartment complex with multiple features that do not properly accommodate people with disabilities. (Doc. No. 1.) In a joint case resolution status report, defendants asserted that discovery has uncovered a civil engineering firm called Jefferson, Brenner & Smith, Inc. d/b/a Southern Consulting, LLC (Southern Consulting) that might share responsibility for designing certain features of the apartment complex that allegedly violate the FHA. (Doc. No. 52 at 2.) Accordingly, Dickson and Park filed motions on April 30, 2026 for leave to file first amended answers that would add cross-claims and that would implead Southern Consulting as a third-party defendant. (Doc. Nos. 43, 45.) In short, the cross-claims and third-party claims would be for equitable contribution and for professional negligence. (Doc. No. 43-1 at 9–16; Doc. No. 45-1 at 10–16.) Without conceding any substantive points, Capstone did not object procedurally to amendment of the answers. (Doc. Nos. 49, 50.)

Plaintiff filed no response to the pending motions within the time allowed under Local Rule 7.01. On September 17, 2026, nearly a month after the joint case resolution status report, plaintiff

filed papers in opposition only to Park's motion. (Doc. No. 53.) The Court is disregarding plaintiff's opposition papers as untimely, and in any event, Dickson's motion was unopposed.

Rule 15(a)(2) of the Federal Rules of Civil Procedure governs the motions for leave to amend. Under the rule, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15 emphasizes that cases should be tried on the merits rather than on the technicalities of pleadings, *see Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted), but "leave to amend should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Carson v. U.S. Off. of Special Couns.*, 633 F.3d 487, 495 (6th Cir. 2011) (internal quotation marks and citation omitted). "In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994) (citation omitted). Futility means that a proposed amendment would not survive a hypothetical motion to dismiss under Rule 12. *See SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 355 (6th Cir. 2014) (citation omitted).

Regardless of the lack of opposition, the Court has reviewed the motions and finds that amendment is appropriate. According to the joint case resolution status report, plaintiff's expert report implicated Southern Consulting as the engineering firm responsible for designing features of the apartment complex that allegedly violate the FHA. (Doc. No. 52 at 2.) If plaintiff intends to have her expert testify about Southern Consulting at trial then, notwithstanding her position that the existing defendants can be held vicariously responsible (*id.* at 2–3), Southern Consulting effectively is part of this case already. *Cf. Smith v. Twp. of Redford*, No. 2:24-CV-11822, 2026

WL 117421, at *1 (E.D. Mich. Jan. 15, 2026) (granting leave to file an amended complain that incorporated an expert report); *Powell v. Wal-Mart Stores, Inc.*, No. 16-10643, 2017 WL 2930918, at *2 (E.D. Mich. July 10, 2017) (granting leave to amend based on an expert report). Impleading Southern Consulting simply will give the firm an opportunity to explain its role in the apartment complex construction directly. Some adjustments to the case management order (Doc. No. 26) and the trial date (Doc. No. 29) will be necessary, but with some discovery concerning Southern Consulting already having occurred, any adjustments should not be significant.

In allowing the proposed amended answers, the Court gives defendants one note of caution. Some of the proposed new claims are titled "equitable contribution." The extent to which claims sounding in indemnification or contribution are allowed under the FHA is unsettled, and the Sixth Circuit has not yet addressed the issue. *Compare, e.g., United States v. Murphy Dev., LLC*, No. 3:08-0960, 2009 WL 3614829, at *1 (M.D. Tenn. Oct. 27, 2009) ("The comprehensive character of the FHA precludes a finding that a federal common law right to indemnity and/or contribution exists under the FHA.") (citations omitted), *with George v. Overall Creek Apartments, LLC*, No. 3:23-CV-00297, 2024 WL 1539848, at *15 (M.D. Tenn. Apr. 9, 2024) (denying dismissal of a "state-law claim for equitable contribution because it is not preempted under the FHA"), *and Clover Communities Beavercreek, LLC v. Mussachio Architects P.C.*, 676 F. Supp. 3d 82, 92 (N.D.N.Y. 2023) (FHA does not preempt state-law contribution claim) (citation omitted). In the absence of binding authority addressing the issue, allowing amendment for now is the better course, but the Court takes no position on what the outcome of future motion practice on this issue should be.

## Conclusion

For the foregoing reasons, the pending motions for leave to file a first amended answer (Doc. Nos. 43, 45) are GRANTED.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge